IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **GMP AND EMPLOYERS PENSION FUND**, an Employee Benefit Plan, and **BRUCE R. SMITH**, as a Trustee of the Plan, 205 West Fourth Street, Suite 225 Cincinnati, Ohio 45202, | : : : : : : : | **CASE NO. 1:18-cv-00146** |
| Plaintiffs, | : : | |
| v. | : : | **COMPLAINT** |
| **WEST PHILA BRONZE CO., INC.**, A Pennsylvania corporation 500 Concord Avenue Chester, PA 19016, | : : : : : | |
| Defendant. | : | |

Plaintiffs, by their attorneys, Sebaly Shillito + Dyer, A Legal Professional Association, for their cause of action against Defendant, allege:

### NATURE OF THE CASE

1. This action is brought by an Employee Benefit Plan and a Trustee of the Plan to collect delinquent contributions, interest, liquidated damages, attorneys' fees, and court costs from an employer that has failed to make timely contributions to the Plan pursuant to the terms of its collective bargaining agreement and the applicable provisions of federal law.

### PARTIES

2. GMP and Employers Pension Plan (the "Plan") is a trust fund established in accordance with the provisions of Section 302(c) of the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. § 186(c), and is administered by a joint Board of Trustees composed

equally of representatives of management and labor organizations. The Plan is an "employee benefit plan", as the term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3), and is administered at 205 West Fourth Street, Suite 225, Cincinnati, Ohio 45202. The Plan is a "multiemployer plan" as the term is defined in Section 3(37) of ERISA, as amended, 29 U.S.C. § 1002(37).

3. Bruce R. Smith is a Trustee of the Plan and is fiduciary with respect to the Plan, as provided in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. Defendant, West Phila Bronze Co. Inc., dba West Philadelphia Bronze Corp. ("West Philadelphia Bronze"), is a corporation organized and existing under the laws of the state of Pennsylvania, with its principal place of business located at 500 Concord Avenue, Chester, Pennsylvania 19016.

## JURISDICTION AND VENUE

5. West Philadelphia Bronze is engaged in an industry affecting commerce for purposes of Section 101(7) of the LMRA, 29 U.S.C. § 152(7), and Section 4(a) of ERISA, 29 U.S.C. § 1003(a).

6. Jurisdiction is based on Section 30l of the LMRA, 29 U.S.C. § 185, and Section 502 of ERISA, 29 U.S.C. § 1132. This action involves the enforcement of the provisions of Section 515 of ERISA, 29 U.S.C. § 1145.

7. Pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), this action is properly venued in the Southern District of Ohio, where the Plan is administered.

## CAUSE OF ACTION

8. The allegations of Paragraphs 1 through 7 are incorporated herein by reference as if fully restated.

9. West Philadelphia Bronze is a party to a collective bargaining agreement (the "CBA"), which CBA requires West Philadelphia Bronze to make contributions to the Plan for the benefit of its employees.

10. Section 515 of ERISA, 29 U.S.C. § 1145, provides that every employer that is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall make such contributions in accordance with the terms and conditions of such plan or such agreement.

11. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that in an action by a fiduciary to enforce Section 515 of ERISA, 29 U.S.C. § 1145, in which a judgment in favor of the plan is awarded, the court *shall* award the plan (a) the unpaid contributions; (b) interest on the unpaid contributions at the rate provided by the plan; (c) an additional amount equal to the greater of interest on the unpaid contributions at the rate provided by the plan or liquidated damages in an amount not in excess of twenty percent (20%) of the amount of unpaid contributions; (d) reasonable attorneys' fees and the costs of the action; and (e) such other legal or equitable relief as the Court deems appropriate.

12. West Philadelphia Bronze has breached the Bargaining Agreement and has violated Section 515 of ERISA, 29 U.S.C. § 1145, by failing to make timely contributions to the Plan for the benefit of its employees.

13. West Philadelphia Bronze has failed to remit reports for January 2018.

14. The Plan anticipates that by the time judgment is rendered in the herein action, West Philadelphia Bronze will owe the Plan an additional amount in delinquent contributions.

15. West Philadelphia Bronze has a history of failing to timely pay contributions to the Plan and, therefore, it is reasonable to assume that West Philadelphia Bronze will continue to fail to make its contributions to the Plan.

16. In addition to the unpaid contributions, Plaintiffs are entitled to collect from West Philadelphia Bronze the following amounts pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g):

(a) interest on the unpaid contributions at the rate of eight percent (8%) per annum until all unpaid contributions are paid in full;

(b) an additional amount equal to the greater of interest on the unpaid contributions at the rate of eight percent (8%) per annum or liquidated damages in the amount of twenty percent (20%) of the amount of unpaid contributions awarded by this Court; and

(c) reasonable attorneys' fees and the costs of this action.

WHEREFORE, Plaintiffs request:

1. Judgment against West Philadelphia Bronze Corporation in an amount equal to the entire amount of unpaid contributions that is determined to be owing as of the date judgment is rendered;

2. Interest and liquidated damages with respect to the unpaid contributions as required by law;

3. Attorneys' fees and the costs of this action as required by law;

4. An order enjoining West Philadelphia Bronze from failing to remit to the Plan on a timely basis all reports of hours and contributions required by the CBA and by law;

5. This Court retain jurisdiction over this cause pending compliance with all Orders; and

6. Such other legal or equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ Joshua R. Schierloh
Gale S. Finley (#0016513)
Joshua R. Schierloh (#0078325)
SEBALY SHILLITO + DYER
A Legal Professional Association
1900 Kettering Tower
40 North Main Street
Dayton, Ohio 45423
(937) 222-2054
(937) 222-6554 (fax)
gfinley@ssdlaw.com
jschierloh@ssdlaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint was forwarded to the Honorable R. Alexander Acosta, Secretary of Labor, Department of Labor, 200 Constitution Avenue, N.W., Washington, D.C. 20210, by certified mail, and to the Honorable Jacob J. Lew, Secretary of the Treasury, Department of the Treasury, 1500 Pennsylvania Avenue, N.W., Washington, D.C. 20220, by certified mail on this 28th day of February, 2018.

/s/ Joshua R. Schierloh
Joshua R. Schierloh

2886584.1